1  CALVIN. P. ROGERS. V-74676.
2  P.O. BOX. #4670.
3  LANCASTER. CA. 93536.-4670.

FILED
08 AUG 13 PM 3:12
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>NORTHERN</u> DISTRICT OF CALIFORNIA.

CALVIN. P. ROGERS,           ) CASE No. <u>C-07-4658-CRB (PR)</u>
       PETITIONER,            ) <u>TRAVERSE</u> TO RETURN TO
       Vs.                    ) THE PETITION FOR
M.S. EVANS. et. al.,          ) A WRIT OF HABEAS.
       RESPONDENTS.           ) CORPUS. WITH POINTS
                              ) AND AUTHORITIES, <u>IN</u>
                              ) <u>SUPPORT THEREOF.</u>"

TO:
THE ABOVE HONORABLE COURT ALL INTERESTED PARTIES AND/OR THEIR RESPECTIVE COUNSEL OF RECORD.

HERE NOW COMES THE PETITIONER <u>CALVIN. P. ROGERS</u>. AND MAKES THIS INSTANT "TRAVERSE" AND RESPONDS TO THE ANSWER TO THE PETITION FOR A WRIT OF HABEAS CORPUS., FILED BY THE RESPONDENT'S ON OR ABOUT <u>JUNE 6, 2008.</u> SEE RESPONDENT'S ANSWER TO THE PETITION FOR A WRIT

1.

OF HABEAS CORPUS. LOGED WITHIN THIS HONORABLE COURT.

## I.

### CALVIN. P. ROGERS.

THE PETITIONER; ON THE INSTANT CASE AT BAR; BEFORE THIS HONORABLE COURT; HEREBY, DENIED EACH AND EVERY ALLEGATION AS SET FORTH ON THE RESPONDENT'S ANSWER TO THE PETITION FOR A WRIT OF HABEAS CORPUS., WITH THE EXCEPTION AS TO WHAT IS CLEARLY AND EXPRESSLY ADMITTED HEREBY.

## II.

THE PETITIONER MISTER CALVIN. P. ROGERS "ADMIT" HEREBY THAT HE WAS "WRONGLY" CONVICTED OF SEVERAL COUNTS OF ROBBERY WITH WRONGLY ADMISSIBLE EVIDENCE UNRELATED TO THE INSTANT CASE AT BAR; AND IN VIOLATIONS; OF: "CLEARLY ESTABLISH FEDERAL LAW."

## III.

THE INSTANT "TRAVERSE" COMPLY WITH ALL OFFICIAL AND LAWFUL COURT ORDER'S ISSUED BY THIS HONORABLE COURT., AND SUPPORT BY FACTS & LAW WHICH ARE RELEVANT

2.

TO THE INSTANT CASE AT BAR, AND WHICH IS CURRENTLY **BEFORE** THIS HONORABLE COURT. <u>INCLUDING THIS HONORABLE COURT, HABEAS CORPUS LOCAL RULE. 2254-6. (C).</u>

THEREFORE, FOR THE REASONS SPECIFY HEREBY ON THE INSTANT "TRAVERSE" THIS HONORABLE COURT SHOULD "<u>GRANT</u>" THE PETITION FOR A WRIT OF HABEAS CORPUS. TO PROTECT THE FEDERAL CONSTITUTIONAL RIGHTS OF CONVICTION BY PROOF BEYOND ANY REASONABLE DOUBTS. AND THE FUNDAMENTAL FEDERAL CONSTITUTIONAL RIGHT TO, A "<u>PUBLIC JURY TRIAL</u>".

VERY RESPECTFULLY:

DATED: 8/6/2008.    _Calvin P Rogers_

CALVIN. P. ROGERS.

PETITIONER.

3.

# ARGUMENT

"THE TRIAL COURT ERRED BY ALLOWING THE PROSECUTION TO PRESENT HIGHLY PREJUDICIAL EVIDENCE OF OTHER OFFENSES AND FOR WHICH THERE WAS NO BASIS, AND NO FOUNDATION TO CONNECT THIS PETITIONER TO THOSE OTHER OFFENSES RENDERING HIS TRIAL FUNDAMENTALLY UNFAIR".

THE ADMISSIBILITY OF IRRELEVANT EVIDENCE WAS INDEED AND IN FACT CLEARLY PREJUDICIAL, AND DEPRIVED THIS PETITIONER OF A FAIR TRIAL, AND "VIOLATED" MISTER: ROGERS, THE PETITIONER ON THE INSTANT CASE AT BAR, OF HIS FUNDAMENTAL AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS. U.S.C.A. CONSTITUTIONAL AMENDMENT FOURTEENTH. XIV.

DUE TO THE FACTS THAT:

"THE ADMISSION OF HIGHLY PREJUDICIAL IRRELEVANT EVIDENCE CONFUSED AND POISONED "THE MIND" OF THE TRIER OF FACTS AND LAW, FOR THE INSTANT CASE AT BAR.

AS THE PROSECUTOR ACKNOWLEDGED THAT:

" FRANKLY, WITHOUT THE OTHER CASES, THERE IS SIMPLY NOT ENOUGH EVIDENCE TO CONVICT."

THERE IS NO I.D. OF HIM". THERE WAS NONE AT THE BEGINING OF THIS CASE"

"NONE OF THE WITNESSES WERE ABLE TO IDENTIFY THE PETITIONER OF THE INSTANT CASE AT BAR".

THERE WERE PHOTO LINE-UPS, THAT WERE HELD BETWEEN THEN AND NOW".

NONE OF THEM WITNESS WERE ABLE TO IDENTIFY THE PETITIONER IN OPEN COURT".

THIS CASE WITHOUT THE ERRONEOUS ADMISSIBILITY OF HIGHLY PREJUDICIAL AND IRRELEVANT EVIDENCE CAN NOT STAND ON IT'S OWN.

PLEASE SEE... VOLUME 3. OF THE REPORTERS TRANSCRIPTS AT PAGES 424. & 425.

4.

1  THEREFORE, AS CLEARLY ESTABLISH ON THE RECORD,
2  AND PROVEN BY CLEAR AND CONVINCING DIRECT EVIDENCE COMING OUT OF THE PROSECUTOR
3  OWN'S "MOUTH". SEE REPORTER'S TRANSCRIPTS. SUPRA.

4  THEREFORE. THIS PETITIONER IT IS CLEARLY
5  PRESENTING A **CLAIM** "COGNIZABLE" ON FEDERAL HABEAS, UNDER THE DUE PROCESS
6  CLAUSE., OF THE FOURTEENTH AMENDMENT
7  OF THE FEDERAL CONSTITUTION. OF
8  THE UNITED STATES OF AMERICA.
9  U.S.C.A. CONSTITUTIONAL AMENDMENT
10  XIV. SUPRA.

11  THEREFORE, THE EVIDENCE IS INSUFFICIENT
12  TO SUPPORT THE CONVICTION. AND THE TRIAL COURT FAILED TO FULLY INFORM THE PETITIONER
13  MISTER: CALVIN. P. ROGERS. OF THE RIGHTS FEDERALLY-WISE THAT HE WAS WAIVING. BY
14  WAIVING PUBLIC JURY TRIAL AS GUARANTEE TO HIM UNDER THE FEDERAL CONSTITUTION.
15  THEN THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT REFUSE TO ALLOW
16  MISTER: CALVIN. P. ROGER. THE PETITIONER ON THE INSTANT CASE AT BAR TO
17  "**WITHDRAW**" HIS WAIVER OF A **PUBLIC**
18  JURY TRIAL; WITHOUT DETERMINING THE REASONS FOR THAT ABUSE OF DISCRETION.
19  U.S.C.A. CONSTITUTIONAL AMENDMENT. VI.
20  DUNCAN. VS. LOUISIANA. (1968). 391. U.S.
21  145, 88. FEDERAL SUPREME COURT.
22  1444, 20 LAWYER'S EDITION. 2d. SERIES
23  AT PAGE 491.

24  THEREFORE., AS PROVEN HEREBY THE DECISION
25  OF THE CALIFORNIA COURTS ARE INDEED AND IN FACT BASED ON AN "UNREASONABLE"
26  DETERMINATION OF THE FACTS AND LAW FEDERALLY-WISE., IN LIGHT OF THE
27  EVIDENCE PRESENTED IN THE CALIFORNIA COURTS PROCEEDINGS. SEE VOLUME 3.
28  OF THE REPORTER'S TRANSCRIPTS AT PAGE 424.

1. AND, PAGE 425 OF VOLUME III. OF
2. THE REPORTERS TRANSCRIPTS SUPRA.
3. ALSO; THE DECISIONS OF THE CALIFORNIA
4. COURTS, INDEED AND IN FACT RESULTED
5. IN A DECISION WHICH IS CONTRARY
6. TO CLEARLY ESTABLISH FEDERAL LAW.
7. AND INDEED AND IN FACT INVOLVE AN
8. "UNREASONABLE" APPLICATION OF CLEARLY
9. ESTABLISH FEDERAL LAW AS DETERMINED
10. BY OUR HONORABLE FEDERAL SUPREME
11. COURT OF THE UNITED STATES OF AMERICA
12. AT WASHINGTON D.C.
13. SEE... JACKSON VERSUS VIRGINIA (1968)
14. 391 U.S. AT PAGE 145. SEE ALSO
15. DUNCAN VS. LOUISIANA SUPRA. AND
16. CASES CITED THEREIN.
17. 28. U.S.C.A. SECTION. 2254.
18. SUB-SECTION (d). PARAGRAPH (1)
19. AND, PARAGRAPH (2).
20. ALSO SEE ARTICLE VI. CLAUSE 2.
21. OF THE FEDERAL CONSTITUTION OF
22. THE UNITED STATES OF AMERICA.
23. AND THE RESPONDENT'S RECOGNIZE THE
24. SUPREMACY OF OUR LAWFUL AND
25. OFFICIAL HONORABLE FEDERAL COURTS
26. BY CITING IN THEIR RESPONSE
27. AUTO EQUITY SALES INC. VERSUS.
28. SUPERIOR COURT. (1962). 57. Cal.2d.
    450 TO PAGE 455. THEREFORE THE
    RESPONDENT'S ACKNOWLEDGE THAT
    THEY ARE "NOT FREE" TO DEPART OR

1. AND THEY ARE "NOT FREE" TO IGNORE
2. THE STARE DECISIS DOCTRINE. AND
3. THE DOCTRINE OF., RES JUDICATA.
4. THEREFORE COURTS EXERCISING LOWER JURISDICTION MUST FOLLOW THE LAW
5. AS IT HAD BEEN DECIDED AND ESTABLISH BY COURTS EXERCISING SUPERIOR JURISDICTION.
6. ALSO, "INADMISSIBLE EVIDENCE OF OTHER
7. ACTS"., "DEPRIVED"., MISTER: CALVIN. P. ROGERS.
8. OF A "FAIR TRIAL" AND "VIOLATED" HIS
9. RIGHT TO DUE PROCESS"., AND;" THE ERROR
10. WAS NOT HARMLESS".
11. McKINNEY . VS. REES. 993. FEDERAL. 2d.
12. 1378. (9TH CIRCUIT. 1993). AND., CASE
13. LAW CITED THEREIN WHICH ARE:
14. "CLEARLY ESTABLISH FEDERAL LAW"
15. SUPRA.
16. 28. U.S.C.A. SECTION. 2254. SUB-SECTION
17. (d). SUPRA.
18. THEREFORE, AND FOR ALL THE REASONS SPECIFY HEREBY
19. THIS HONORABLE COURT MUST REJECT THE/RESPONDENT CONTENTIONS IN THEIR SENSELESS ARGUMENTS.
20. A NEW "PUBLIC JURY TRIAL" MUST BE
21. ORDERED BY THIS HONORABLE COURT.
22. AND THE INSTANT PETITION MUST BE
23. "GRANT" IN IT'S ENTIRETY AND IT'S
24. TOTALITY.
25. VERY RESPECTFULLY SUBMITTED:
26. DATED: AUGUST 6 / 2008.   Calvin P. Rogers
27. CALVIN. P. ROGERS. PETITIONER.
28.

7.